1  JOHN C. BEIERS, COUNTY COUNSEL (SBN 144282)
   By: Joseph F. Charles, Deputy (SBN 228456)
2  By: Daniel McCloskey, Deputy (SBN 191944)
   By: Karen Rosenthal, Deputy (SBN 209419)
3  Hall of Justice and Records
   400 County Center, 6th Floor
4  Redwood City, CA  94063
   Telephone:  (650) 363-4647
5  Facsimile:  (650) 363-4034
   E-mail: jcharles@smcgov.org
6  E-mail: dmccloskey@smcgov.org
   E-mail: krosenthal@smcgov.og
7
   Attorneys for Defendants COUNTY OF SAN MATEO,
8  SAN MATEO COUNTY SHERIFF'S OFFICE,
   SAN MATEO COUNTY DISTRICT ATTORNEY'S OFFICE,
9  DAVID DOMINGUEZ. JOHN BABA, JAMES GOULART,
   CARLOS G. BOLANOS, STEPHEN M. WAGSTAFFE and
10 CITY OF HALF MOON BAY

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                     SAN FRANCISCO DIVISION

14
   ESTATE OF SANDRA LEE HARMON, by and        Case No. 21-CV-01463-VC
15 through successor in interest SARAH GATLIFF, and
   SARAH GATLIFF individually,                **DEFENDANTS' NOTICE OF MOTION
16                                             AND MOTION TO DISMISS ALL CLAIMS
                   Plaintiffs,                 PURSUANT TO FED. R. CIV. P 12(B)(6);
17                                             MEMORANDUM OF POINTS AND
          v.                                   AUTHORITIES IN SUPPORT**
18
   COUNTY OF SAN MATEO, SAN MATEO
19 COUNTY SHERIFF'S OFFICE, SAN MATEO          __Hearing__
   COUNTY DISTRICT ATTORNEY'S OFFICE,
20 DAVID DOMINGUEZ. JOHN BABA, JAMES           Date:      June 24, 2021
   GOULART, CARLOS G. BOLANOS, STEPHEN M.      Time:      2:00 p.m.
21 WAGSTAFFE, CITY OF HALF MOON BAY, and       Dept:      Courtroom 4 – 17th Floor, 450
   DOES 1-150,                                 Golden Gate Avenue, San Francisco, CA 94102
22
                   Defendants.                 **BEFORE THE HONORABLE
23                                                 VINCE CHHABRIA**

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS PURSUANT TO
FED. R. CIV. P 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on June 24, 2021, at 2:00 p.m., or at another date and time determined by the Court, before the Honorable Judge Vince Chhabria of the United States District Court for the Northern District of California located at Courtroom 4 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants County of San Mateo ("County"), the San Mateo County Sheriff's Office ("SMCSO"), San Mateo County District Attorney's Office ("SMCDAO"), David Dominguez. John Baba, James Goulart, Carlos G. Bolanos, Stephen M. Wagstaffe, and the City of Half Moon Bay (the "City") (collectively, "Defendants") will and hereby do move for an order dismissing all claims asserted in Plaintiffs' Complaint, specifically, the First through Eighth Causes of Action.[1]

This Motion is made for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and on the grounds that each of Plaintiffs' First through Eighth Causes of Action fails to state a claim upon which relief can be granted. In addition, Plaintiff Sarah Gatliff has not established that she is the successor in interest to decedent Sandra Harmon under California Code of Civil Procedure § 377.30 and lacks standing to assert survivor claims on Harmon's behalf and has failed to comply with the California Government Claims Act.

Defendants base their Motion on this Notice, the Memorandum of Points and Authorities that follows, the accompanying Request for Judicial Notice, any supporting declarations and exhibits filed with this Motion, as well as oral argument or any other matter properly before the Court.

---

[1] The Complaint's caption erroneously numbers the causes of action as nine, but the Complaint includes only eight causes of action.

# **TABLE OF CONTENTS**

**Page(s)**

I.      INTRODUCTION ............................................................................................1

II.     RELEVANT ALLEGED FACTS..................................................................2

III.    ARGUMENT ..................................................................................................3

      A.      Legal Standard Governing this Motion..........................................................3

      B.      Gatliff Lacks Standing to Assert Survivor Claims on Behalf of Decedent .......4

      C.      Gatliff Failed to Comply with the Government Claims Act..............................5

      D.      The First Cause of Action for "Excessive Force" under § 1983 Fails to State a
            Claim ...........................................................................................................6

      E.      The Second Cause of Action for "Deprivation of Familial Association" under §
            1983 Fails to State a Claim ...........................................................................7

      F.      The Third Cause of Action for "Spoliation of Evidence" Fails to State a Claim .............8

      G.      The Fourth Cause of Action for "Conspiracy" Does not State a Claim .........................9

      H.      The Fifth Cause of Action for "Supervisor Liability" Fails to State a Claim.................10

      I.      The Sixth Cause of Action for "Unconstitutional Customs and Practices" Fails...........12

      J.      The Seventh Cause of Action for "Wrongful Death/Negligence Per Se" Fails...............14

      K.      The Eighth Cause of Action Against the County and City for Negligent Training,
            Supervision and Retention Does not State a Claim .........................................14

      L.      The Complaint Contains No Facts to Establish the City's Liability................................15

      M.      Gatliff's Improper Damages Claims Must be Dismissed ................................................15

IV.     CONCLUSION.................................................................................................15

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS PURSUANT TO
FED. R. CIV. P 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**<u>Federal Cases</u>**

*A.D. v. Cal. Highway Patrol,*
712 F.3d 446 (9th Cir. 2013) ......................................................................................7

*A.E. ex rel Hernandez v. City of Tulare,*
666 F.3d. 631 (9th Cir. 2012) ....................................................................................12

*AlterG, Inc. v. Boost Treadmills, LLC,*
388 F.Supp.3d 1133, (N.D. Cal. May 20, 2019)........................................................9

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)....................................................................................................4

*Bauer v. City of Pleasanton,*
2020 WL 1478328 (N.D. Cal. Mar. 26, 2020)..........................................................15

*Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown,*
520 U.S. 397 (1997)..............................................................................................12, 13

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)....................................................................................................4

*Brooks v. Clark Cnty.,*
828 F.3d 910 (9th Cir. 2016) ..................................................................................7, 8

*Cangress v. City of Los Angeles,*
2014 WL 12567175 (C.D. Cal. Oct. 22, 2014).........................................................13

*Carmona v. Bolanos,*
2019 WL 2247832 (N.D. Cal. May 23, 2019) ..........................................................10

*Castillo v. City of Watsonville,*
2020 WL 5798237 ....................................................................................................10

*Christie v. Iopa,*
176 F.3d 1231 (9th Cir. 1999) ..................................................................................12

*City of Canton,*
489 U.S. 378, 389 (1989)............................................................................................11

*City of Newport v. Fact Concerts, Inc.,*
453 U.S. 247 (1981)....................................................................................................15

*Connick v. Thompson,*
563 U.S. 51 (2011)......................................................................................................11

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS PURSUANT TO
FED. R. CIV. P 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

*Cook v. City of Fremont*,
   2021 WL 764044 (N.D. Cal. Feb. 26, 2021) ................................................................13, 14

*Crosby v. Cnty. Of Alameda*,
   2021 WL 764120 (N.D. Cal. Feb. 26, 2021) ...................................................................5

*Cupp v. Smith*,
   2021 WL 616376 (N.D. Cal. Feb. 17, 2021) ..................................................................13

*Doughterty v. City of Covina*,
   654 F.3d 892 (9th Cir. 2011) ..........................................................................................12

*Hayes v. County of San Diego*,
   736 F.3d 1223 (9th Cir. 2013) .....................................................................................5, 8

*Herd v. Cnty. of San Bernardino*,
   311 F. Supp. 3d 1157 (C.D. Cal. 2018) .........................................................................15

*Hill v. Baca*,
   2010 WL 1727655 (C.D. Cal. Apr. 26, 2010) ...............................................................10

*Hyun Ju Park v. City and Cnty. of Honolulu*,
   952 F.3d 1136 (9th Cir. 2020) .......................................................................................13

*Inman v. Anderson*,
   294 F.Supp.3d 907 (N.D. Cal. 2018) .............................................................................12

*Jones v. Cnty. of Contra Costa*,
   2016 WL 1569974 (N.D. Cal. Apr. 19, 2016) ...............................................................12

*Kidwell-Bertagnolli v. Cnty. Of Sonoma*,
   2020 WL 4901197 (N.D. Cal. Aug. 20, 2020) ................................................................8

*Mahach-Watkins v. Depee*,
   2005 WL 1656887 (N.D. Cal., Jul. 11, 2005)..................................................................6

*Maldonado v. City of Ripon*,
   2018 WL 5304820 (E.D. Cal. Oct. 24, 2018) ...........................................................10, 11

*Meehan v. Los Angeles County*,
   856 F.2d 102 (9th Cir. 1988) ..........................................................................................12

*Monell v. Dep't of Soc. Servs.*,
   436 U.S. 658 (1978)...................................................................................................10, 12

*Moreland v. Las Vegas Metro. Police Dep't*,
   159 F.3d 365 (9th Cir. 1998) ........................................................................................4, 7

*Murietta-Golding v. City of Fresno*,
   2020 WL 6075757 (E.D. Cal. Oct. 15, 2020) ..................................................................8

Case No. 21-CV-01463-VC        iv

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS PURSUANT TO
FED. R. CIV. P 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

*Ottolini v. City of Rohnert Park*,
  2019 WL 3254231 (N.D. Cal. July 19, 2019)......................................................................14

*Porter v. Osborn*,
  546 F.3d 1131 (9th Cir. 2008) .............................................................................................7, 8

*Rabinovitz v. City of Los Angeles*,
  287 F. Supp. 3d 933 (2018) ......................................................................................................11

*Rivera v. Carter*,
  2018 WL 1621095 (E.D. Cal. Apr. 4, 2018).........................................................................11

*Roberts v. Huckleberry*,
  2018 WL 5255237 (E.D. Cal. Oct. 19, 2018) ...................................................................8, 9

*Robinson v. Alameda Cnty.*,
  875 F.Supp.2d 1029 (N.D. Cal. 2012) ....................................................................................5

*Shoval v. Sobzak*,
  2009 WL 2780155 (S.D. Cal. August 31, 2009) ...............................................................15

*Smithee v. Cal. Correctional Inst.*,
  2020 WL 481  (N.D. Cal. Aug. 19, 2020) .............................................................................6

*Solis v. City of Sunnyvale*,
  2020 WL 7353698 (N.D. Cal. Dec. 14, 2020) .....................................................................11

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ................................................................................................10

*Swipe & Bite, Inc. v. Chow*,
  147 F.Supp.3d 924 (N.D. Cal. Nov. 23, 2015) ....................................................................9

*Tan Lam v. City of Los Banos*,
  976 F.3d 986 (9th Cir. 2020) ...............................................................................................7, 8

*Trevino v. Gates*,
  99 F.3d 911 (9th Cir. 1996) .....................................................................................................12

*Tuggle v. City of Tulare*,
  2020 WL 3977892 (E.D. Cal. Jul. 14, 2020) .........................................................................9

*Waldo v. Eli Lilly*,
  2013 WL 5554623 (E.D. Cal. Oct. 8, 2013) .........................................................................14

*Wilkinson v. Torres*,
  610 F.3d 546 (9th Cir. 2010) ....................................................................................................7

Case No. 21-CV-01463-VC                              v

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS PURSUANT TO
FED. R. CIV. P 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

**California Cases**:

*Cedars-Sinai Med. Ctr. v. Sup. Ct.*,
   18 Cal. 4th 1 (1998) ............................................................................................................9

*Miklosy v. Regents of Univ. of Cal.*,
   44 Cal.4th 876 (2008) .......................................................................................................14

*Nelson v. Cnty of Los Angeles*,
   113 Cal.App.4th 783 (2003) ................................................................................................6

*Nguyen v. Los Angeles Co./UCLA Med. Ctr.*,
   8 Cal.App.4th 729 (1992) ....................................................................................................6


**Federal Statutes**

42 U.S.C. § 1983 ................................................................................................. *passim*


**State Statutes**

California Civil Code § 3294 ...............................................................................................15


California Code of Civil Procedure § 377.30 ................................................................ i, 4

California Code of Civil Procedure § 377.32 .............................................................2, 4, 5

California Code of Civil Procedure § 377.34 .....................................................................15

California Code of Civil Procedure § 377.60 .....................................................................14


California Government Code § 815 .....................................................................................14

California Government Code § 815(a) .................................................................................14

Calfornia Government Code § 818 ......................................................................................15

California Government Code  § 911.2 ...................................................................................5

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS PURSUANT TO
FED. R. CIV. P 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Sarah Gatliff brings this lawsuit on her own behalf and for the Estate of Sandra Harmon asserting eight causes of action arising from the death of Sandra Lee Harmon. None state a claim under the law.

The most fundamental flaw pervading these claims is that Gatliff has not established that she has standing to bring survivor claims on behalf of the decedent, Harmon. Gatliff has not filed the required affidavit to show that she is the successor in interest to Harmon and pleads no facts to support it either. Absent standing, all claims Gatliff asserts on behalf of the decedent fail and must be dismissed.

To the extent Gatliff sues on her own behalf, the claims are still insufficient. Gatliff does not plead any facts to show that the deputies involved in the shooting of Harmon violated the Fourteenth Amendment. The Complaint contains no facts to establish, as required, that these deputies acted with a purpose to harm unrelated to a legitimate law enforcement objective or with deliberate indifference. Gatliff's own allegations, presumed true, indicate just the opposite – that the deputies acted in the legitimate law enforcement objective of self-defense in response to an armed individual.

Gatliff's other allegations do not state actionable claims against any Defendant. Courts have long-recognized that there is no tort claim under federal or state law for "spoliation" of evidence or conspiracy. Many of the Complaint's conclusory, baseless allegations relate to the alleged spoliation and conspiracy, but they are irrelevant and meritless as no such causes of action exist. Similarly, courts have rejected these kinds of conclusory, implausible claims against local governments and police agencies for alleged unconstitutional customs and practices and failure to train, where, as here, no facts are pleaded in support of them. Gatliff also improperly sues County officials such as the Sheriff and District Attorney and their respective offices, even though these entities are not separate from the County, and the claims against the Sheriff and District Attorney lack any facts indicating their personal culpability.

Gatliff's state law claims are barred at least because (a) Gatliff failed to timely comply with government claim requirements as to Harmon or herself and (b) the claims do not state sufficient facts to state a claim for negligence per se or supervisor liability. Further, Gatliff seeks to recover damages that are unavailable as a matter of law, including emotional distress damages under the otherwise barred survivor claims, and punitive damages against the County and City. All such claims should be dismissed.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS PURSUANT TO
FED. R. CIV. P 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## II.   <u>RELEVANT ALLEGED FACTS</u>

The Complaint makes various inflammatory and conclusory assertions about the circumstances of the shooting of Harmon that are demonstrably false, but the truth of which are assumed for the purposes of the current motion. *See* Compl., ECF 1, ¶ 1. The relevant allegations are summarized as follows.

Gatliff's only allegations related to standing to sue are that decedent Harmon is Gatliff's "natural mother" and conclusorily that Gatliff is the "successor in interest to the Estate of Sandra Lee Harmon…" Compl., ¶¶ 9-10. The Complaint contains no allegations regarding whether there is a personal representative of the estate, whether the estate has been probated or administered, nor any factual basis for the assertion that Gatliff is the successor in interest. Gatliff does not allege that she has executed and filed with the Court a declaration establishing that she is the decedent's proper successor in interest as required under California Code of Civil Procedure § 377.32 and has not done so.

Gatliff alleges that on May 5, 2020, Harmon was seen carrying a shotgun and a bottle of wine while walking in downtown Half Moon Bay, warning people to be safe due to an impending "race war." Compl., ¶ 25. A witness reported Harmon's behavior to authorities by calling 9-1-1. *See id.* Sheriff's Deputies allegedly responded to the scene to look for Harmon and were told that a "trailer behind Pasta Moon" was a "possible location for Harmon." *Id.*, at ¶ 26.

Gatliff alleges that Deputy Dominguez approached the trailer (RV) without requesting or waiting for back-up - which Plaintiffs allege violated SMCSO "protocol and basic policing protocol" - and "pounded on the side of the RV and ordered the occupants to exit." *Id.*, at ¶ 27. The Complaint acknowledges that Harmon exited the RV holding a shotgun ("in a non-threatening position") and asserts that Deputy Dominguez allegedly "panicked and began retreating backwards towards his vehicle as he discharged three rounds in quick succession. . . ", after which:

> Ms. HARMON discharged two rounds harmlessly into the air in a direction toward the restaurant and away from DOMINGUEZ, who was moving to the front of his vehicle. Ms. HARMON then emerged from behind the RV and DOMINGUEZ began rapidly shooting at her while simultaneously shouting orders. DOMINGUEZ ordered Ms. HARMON to stand holding the shotgun with both hands over her head and her back to the deputy. Ms. HARMON immediately complied. When DOMINGUEZ fired his fourth shot into HARMON she had her back to DOMINGUEZ, with arms above her head and the shotgun held horizontally in both hands so it was impossible to fire. At the moment of the fifth and final shot of the series, the shotgun was laying approximately four to six feet away from her, having fallen from above her head on the fourth shot.

*Id.*

1   Gatliff alleges that Harmon "attempted to flee," "screamed at" the deputies and then "ran back to

2   the shotgun from where she had dropped it and as she reached down she was shot an additional six times

3   by both deputies." *Id.*, at ¶ 28. The Complaint alleges that these events were partially captured on Deputy

4   Baba's body camera and his and other deputies' audio recordings. *Id.*, at ¶ 29. Gatliff does not allege facts

5   that support a conclusion that the deputies acted with a purpose to harm apart from a legitimate law

6   enforcement objective.

7   Gatliff alleges that SMCDAO and Wagstaffe's investigation of the Harmon shooting

8   "purposefully" did not "cite" Dominguez' alleged "violations of protocol" as such, instead determining

9   that "failure to turn on his body camera" was an acceptable mistake and ignoring the alleged "failure to

10   call in and wait for back up." *Id.*, at ¶ 31. Gatliff alleges that SMCDAO and Wagstaffe "refused to subpoena

11   Axon camera log files" to determine whether Dominguez' camera had been activated and instead took

12   Dominguez "at his word." *Id.* Gatliff further asserts that SMCDAO and Wagstaffe "did not consider audio

13   files from the Deputies' cars and cameras that were readily available." *Id.*

14   Gatliff alleges that the SMCDAO report does not discuss why Dominguez allegedly fired his

15   weapon first "at a person standing with her arms above her head and her back to the deputy," which

16   demonstrates a "conspiracy and convenience between SMCDAO, DOMINGUEZ, WAGSTAFFE,

17   BOLANOS, and the other Defendants." *Id.*, at ¶ 32. Gatliff further alleges that SMCDAO, Wagstaffe,

18   SMCSO, Dominguez and Baba "acted in concert" to post a video on the SMCSO website containing Baba's

19   body camera footage and Sheriff Bolanos speaking that was "presented in low resolution," which made

20   the video appear "grainy and pixilated." *Id.*, at ¶ 33.

21   Gatliff asserts without factual support an "alternative" allegation that Dominguez' body camera

22   captured the entire event, but he destroyed the footage. *Id.*, at ¶ 34. Gatliff alleges without facts that

23   Wagstaffe and Bolanos "are both aware the footage exists or existed, or they failed to take reasonable steps

24   to determine if the footage exists or existed, and then misrepresented to the public the thoroughness of the

25   investigation and the non-existence of DOMINGUEZ' body camera footage." *Id.*, ¶ 35.

26   **III.   ARGUMENT**

27   **A.  Legal Standard Governing this Motion**

28   A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal

Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of "further factual enhancement," and the reviewing court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## B. Gatliff Lacks Standing to Assert Survivor Claims on Behalf of Decedent

To the extent that the First through Eighth causes of action are asserted on behalf of Harmon, each must be dismissed because Gatliff lacks standing to pursue them.[2] Survivors of a decedent may bring a § 1983 action on the decedent's behalf only "if the relevant state's law authorizes a survival action." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998) ("The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action."). Such claims are allowed under California law if "commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." *See* Cal. Civ. Proc. Code § 377.30. To bring a claim as successor in interest, the plaintiff "shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating" specific information establishing the basis and authorization for bringing the action as successor in interest. *See* Cal. Civ. Proc. Code § 377.32. Gatliff has not met these requirements.

Gatliff asserts that she is the "successor in interest to the Estate of Sandra Lee Harmon pursuant to California Code of Civil Procedure § 377.32," (*see* Compl., ¶ 10) but does not plead any facts to establish

---

[2] The Complaint is unclear as to which plaintiff – Gatliff as successor in interest to the "Estate of Harmon" or Gatliff on her own behalf or both – is asserting each cause of action. In any event, Harmon can only assert claims that survive the death of decedent and can only act through the proper personal representative or successor in interest under California law. *See* Cal. Civ. Proc. Code § 377.30.

Case No. 21-CV-01463-VC                                      4

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS PURSUANT TO
FED. R. CIV. P 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

(a) that there is no personal representative of the Harmon estate (or that Gatliff is the personal representative); or (b) the factual basis for her status as the successor-in-interest. Gatliff does not plead any facts to establish that she, rather than a surviving spouse or other relative, is authorized to bring a claim as a successor in interest on behalf of decedent. Nor did Gatliff file the required declaration under Cal. Code Civ. Proc. § 377.32. Accordingly, Gatliff lacks standing to bring claims on behalf of the decedent and all such purported survivor claims must be dismissed. *See Hayes v. County of San Diego*, 736 F.3d 1223, 1229 (9th Cir. 2013) (remanding decedent's daughter's § 1983 claim to determine standing because *"*[t]here is no indication whether Appellant has filed the affidavit necessary under California law to commence a survival action as a decedent's successor in interest."); *Crosby v. Cnty. Of Alameda*, 2021 WL 764120, *1 (N.D. Cal. Feb. 26, 2021) (dismissing causes of action under § 1983 for lack of standing where plaintiff failed to plead facts establishing that she was the personal representative or successor in interest and her declaration under Cal. Code Civ. Proc. § 377.32 was factually deficient).

## C. Gatliff Failed to Comply with the Government Claims Act

Gatliff has not pleaded facts indicating timely compliance with the claim procedures for state tort claims. Under the California Government Claims Act, a plaintiff must submit government claims on behalf of each plaintiff within six months of accrual. *See* Gov't Code § 911.2. Gatliff alleges that unspecified "Governor's Executive orders" extended the deadline, but does not allege on whose behalf the claims were submitted - Gatliff or Harmon, or the basis for them. *See* Compl., ¶ 7. Nor does Gatliff identify or allege the basis for the "supplemental tort claims" or the specific dates the claims were submitted, instead asserting they were submitted in "January and February 2021." *Id.* Gatliff does not indicate how such claims are timely if submitted eight or nine months after the May 5, 2020 incident giving rise to this suit.[3] Gatliff's failure to plead facts establishing plausible compliance bars all state claims. *See Robinson v. Alameda Cnty.*, 875 F.Supp.2d 1029, 1043 (N.D. Cal. 2012) (plaintiff "must allege facts demonstrating or excusing compliance with the claim presentation requirement.")

Considering the claims referenced in the Complaint, as appropriate on a motion to dismiss, only

---

[3] If Gatliff argues that the Governor's Executive Order N-35-20 extended the deadline by 60 days, claims filed after January 2, 2021 that arise from claims that accrued on May 5, 2020, would be barred. *See* Request for Judicial Notice ("RJN"), Exs. A [Exec. Order] C, E, F [untimely claims].

reveals the deficiencies the pleading obscures. *See* RJN, Exs. B-F; *Smithee v. Cal. Correctional Inst.*, 2020 WL 481 3205, *6 (N.D. Cal. Aug. 19, 2020) (taking judicial notice of government claims and dismissing suit as to plaintiffs not named in claims). Failure to present claims as to each plaintiff on his or her own behalf bars that plaintiff's action, including as to survival claims. *See Nelson v. Cnty of Los Angeles*, 113 Cal.App.4[th] 783, 796 (2003) (wrongful death claim by decedent's parents that did not mention either decedent's estate or mother's status as estate's representative, and that only mentioned damages for "loss of son," held insufficient to support survival causes of action asserted on estate's behalf); *Mahach-Watkins v. Depee*, 2005 WL 1656887, *4 (N.D. Cal., Jul. 11, 2005) (dismissing claim by decedent's estate for estate's failure to file a government claim and finding *Nelson* "entirely applicable" as survival actions and wrongful death claims present separate and distinct injuries); *Nguyen v. Los Angeles Co./UCLA Med. Ctr.*, 8 Cal.App.4[th] 729 (1992) (claim by minor that did not name parents or describe injury to them insufficient to support parents' action).

Here, none of the claims identify the Estate of Sandra Harmon as a claimant or identify Gatliff as the personal representative or successor-in-interest of Harmon's estate – which is consistent with Gatliff's failure to establish standing for survivor claims. *See* RJN, Exs. B-F. Gatliff's claims before January 2, 2021 are in her individual capacity seeking damages personal to herself or "the family of Sandra Harmon (Sarah Gatliff)," not on behalf of Harmon or her estate. *See* RJN, Exs. B, D. As the Court held in *Nelson*, "[w]here two or more persons suffer separate and distinct injuries from the same act or omission, each person must submit a claim, and one cannot rely on a claim presented by another." *See Nelson*, 113 Cal.App.4[th] at 796; *Mahach-Watkins,* 2005 WL 1656887, *4. Three untimely claims identify "Sandra Lee Harmon" and Gatliff as a claimant, but concern the alleged conspiracy after the shooting, which is time-barred and meritless for other reasons discussed herein. *See* RJN, Exs. C, E, F. Thus, Harmon's state claims must be dismissed as well as all untimely claims on behalf of Gatliff.

## D.  The First Cause of Action for "Excessive Force" under § 1983 Fails to State a Claim

As discussed *supra*, Gatliff has not established standing to assert § 1983 survivor claims on behalf of decedent Harmon, and therefore the First Cause of Action for excessive force in violation of the Fourth Amendment must be dismissed for at least that reason. To the extent Gatliff seeks to assert this claim on her own behalf, it also fails because Fourth Amendment claims can only be asserted by the person whose

rights were allegedly violated. *See Moreland,* 159 F.3d at 369 ("only the person whose Fourth Amendment rights were violated can sue to vindicate those rights.") Moreover, any claim for excessive force also fails because Gatliff has not alleged facts to establish that "it was beyond debate that the amount of force [the officer] employed violated the Constitution" and therefore the Deputies are entitled to qualified immunity. *See Brooks v. Clark Cnty.*, 828 F.3d 910, 922 (9th Cir. 2016). The First Cause of Action must be dismissed.

## E. The Second Cause of Action for "Deprivation of Familial Association" under § 1983 Fails to State a Claim

Although Gatliff cannot state an excessive force claim under the Fourth Amendment, children have an interest in the "companionship and society" of a parent that may give rise to a Fourteenth Amendment claim, but only if the alleged conduct "shocks the conscience." *See Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). It is well-settled that "where a law enforcement officer makes a snap judgment because of an escalating situation, his conduct may be found to shock the conscience only if he acts with a purpose to harm unrelated to legitimate law enforcement objectives." *Id.* The "purpose to harm standard is a subjective standard of culpability" in which an officer "violates the due process clause if he used force with only an illegitimate purpose in mind." *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 453 (9th Cir. 2013) (citations omitted.) Under this standard, "[a]n officer acts with a legitimate purpose when he acts with the objectives of arrest, self-defense, or the protection of the public in mind, while he acts with an illegitimate purpose if he acts with the objectives to 'bully a suspect, or get even.'" *Tan Lam v. City of Los Banos*, 976 F.3d 986, 1003-04 (9th Cir. 2020) (citations omitted.)

Gatliff has not alleged any facts to meet the heightened purpose to harm standard that could establish that the Deputies' actions "shocked the conscience." Gatliff alleges that after Harmon exited the RV holding a shotgun, Deputy Baba "discharged three rounds in quick succession" and that she was shot again only after she screamed, ran toward and reached down for the shotgun. *See Compl.,* ¶ 27. Presumed true, these allegations indicate a "snap judgment" made during an "escalating situation" for at least the legitimate law enforcement objective of self-defense. *See Compl.,* ¶¶ 25-27. These allegations establish that the Deputies' actions related to a legitimate law enforcement objective, which dooms the claim. *See Wilkinson*, 610 F.3d at 554; *See Porter v. Osborn*, 546 F.3d 1131, 1139-40 (9th Cir. 2008) (finding "purpose to harm" standard applies where incident occurred over five minutes "with much yelling,

1   confusion, and a driver who was refusing to exit or stop his car").

2          Further, Gatliff does not allege that the Deputies intended to bully Harmon or to get even with her,

3   or to teach her a lesson, as would indicate an improper purpose to harm. *See Tan Lam,* 976 F.3d at 1004

4   (reversing verdict of Fourteenth Amendment violation where officer acted with legitimate purpose of self-

5   defense and there was no evidence of the "sort of malicious or vengeful intent required to satisfy the

6   heightened purpose to harm standard."). Plaintiffs merely allege that the Deputies responded quickly in

7   self-defense to a person in possession of a deadly weapon which she discharged in the presence of law

8   enforcement, which does not indicate any improper intent. *See* Compl., ¶¶ 25-27; *see Porter,* 546 F.3d at

9   1140 (purpose to harm standard requires an "intent to inflict force beyond that which is required by a

10  legitimate law enforcement objective that 'shocks the conscience' and gives rise to liability under §

11  1983....") (citations omitted.); *Kidwell-Bertagnolli v. Cnty. Of Sonoma*, 2020 WL 4901197, *7 (N.D. Cal.

12  Aug. 20, 2020) (dismissing Fourteenth Amendment claim where complaint lacked allegations to satisfy

13  purpose to harm standard for alleged "excessive force" among other allegations). In sum, Plaintiffs do not

14  allege subjective intent or facts to support the required improper purpose to harm.

15         Even if the stringent "deliberate indifference" test applied, Gatliff's claim would still fail. The

16  Complaint lacks any facts to indicate that deliberation was practical or that the Deputies' conduct was

17  deliberately indifferent to Gatliff's rights. *See Hayes*, 736 F.3d at 1230. If anything, the allegations, taken

18  as true, establish that deliberation was impractical, especially once Harmon emerged with a deadly weapon.

19  *See* Compl., ¶¶ 25-27; *Murietta-Golding v. City of Fresno*, 2020 WL 6075757, * 13 (E.D. Cal. Oct. 15,

20  2020) ("If an officer is forced to act quickly because of an escalating situation or the evasive actions of a

21  suspect, then it will be deemed that an insufficient period of time for deliberation existed and the heightened

22  purpose to harm standard will apply.") (citations omitted.) Additionally, as noted, Gatliff has not alleged

23  facts that would defeat qualified immunity which applies unless the Deputies' actions were clearly

24  established as unconstitutional at the time of the incident. *See Brook*, 828 F.3d at 922. On numerous

25  grounds then, Gatliff's claims fail.

26  **F.   The Third Cause of Action for "Spoliation of Evidence" Fails to State a Claim**

27         It is well established that there is no state or federal cause of action for spoliation of evidence under

28  42 U.S.C. § 1983 or otherwise. *See Roberts v. Huckleberry*, 2018 WL 5255237, *6 (E.D. Cal. Oct. 19,

2018) (dismissing alleged spoliation claim and holding "this Court has found no authority under federal law to support the existence of a tort for spoliation. Further, California law does not recognize a tort remedy for the spoliation of evidence under the circumstances alleged by Plaintiff.") (citations omitted); *Cedars-Sinai Med. Ctr. v. Sup. Ct.*, 18 Cal. 4th 1, 17 (1998) (holding that there is no tort remedy for spoliation under California law, noting that "it is preferable to rely on existing nontort remedies rather that creating a tort remedy."). Accordingly, this meritless claim should be dismissed.

### G. The Fourth Cause of Action for "Conspiracy" Does not State a Claim

Gatliff's "conspiracy" claim must be dismissed because "conspiracy is not a cause of action but a legal doctrine" by which vicarious liability may be imposed for a separate tort. *See AlterG, Inc. v. Boost Treadmills, LLC*, 388 F.Supp.3d 1133, (N.D. Cal. May 20, 2019) (citations omitted) (dismissing conspiracy claim). On this ground alone, this non-claim should be dismissed.

Even as a form of vicarious liability, Gatliff's conspiracy allegations are deficient. Gatliff has not alleged facts to meet any of the elements for a conspiracy: "1) the formation of a group of two or more persons who agreed to a common plan or design to commit a tortious act; 2) a wrongful act committed pursuant to the agreement; and 3) resulting damages." *Tuggle v. City of Tulare*, 2020 WL 3977892, *2 (E.D. Cal. Jul. 14, 2020) (citations omitted) (dismissing conspiracy claim based on conclusory allegations). Significantly, Gatliff does not allege any facts to indicate the existence of a conspiracy to commit any tort. Gatliff alleges that the Defendants presented a "false narrative to the public," suppressed files and altered videos. *See* Compl., ¶ 49. Even if true, at most, these alleged acts might constitute spoliation of evidence, which, as discussed *supra*, is not a tort. *See Roberts*, 2018 WL 5255237, at *6 (dismissing alleged spoliation claim); and *Swipe & Bite, Inc. v. Chow*, 147 F.Supp.3d 924, 936 (N.D. Cal. Nov. 23, 2015) (conspiracy "must be activated by the commission of an actual tort" and dismissing claim that "fails to allege which torts are the predicate offenses" for alleged conspiracy).

Beyond all of the foregoing fatal defects, Gatliff has not established standing to assert the claim on behalf of Harmon or on her own behalf. The alleged actions (providing a false narrative to the public, alleged file suppression, etc.) all necessarily occurred after Harmon died. Harmon cannot have a claim for alleged activity that occurred after her death. Nor has Gatliff established that she herself was owed a tort duty of any kind that could give rise to liability for alleged conspiracy to suppress files or alter the public

narrative. Accordingly, Gatliff's Fourth Cause of Action must be dismissed.

Finally, Defendants Goulart, Wagstaff, SMCDAO and SMCSCO are referenced solely in connection with the meritless spoliation and conspiracy claims, and therefore they all must be dismissed from this case. *See* Compl., ¶¶ 47, 49. Even if these claims were not dismissed, Wagstaff, Bolanos, SMCDAO and SMCSCO should be dismissed because the claims against them are redundant of claims against the County. *See Maldonado v. City of Ripon,* 2018 WL 5304820 (E.D. Cal. Oct. 24, 2018) (municipal departments, including police departments, are generally not considered "persons" within the meaning of Section 1983"); *Castillo v. City of Watsonville,* 2020 WL 5798237, *3-4 (N.D. Cal. Sept. 29, 2020 ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."). Gatliff concedes that SMCSO and SMCDA are subdivisions of the County. *See* Compl., ¶ 12. Thus, these entities and individually named defendants must be dismissed.

## H.  The Fifth Cause of Action for "Supervisor Liability" Fails to State a Claim

Gatliff's claim against Defendant Sheriff Bolanos, for "supervisor liability" under § 1983 fails to state a claim for several reasons. First, Gatliff does not specify whether Sheriff Bolanos is sued in his official capacity or his individual capacity, but either way, the claim fails. "Official-capacity damages claims against individual municipal officers are claims against the municipality itself." *Hill v. Baca*, 2010 WL 1727655, *5 (C.D. Cal. Apr. 26, 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). Gatliff's claims against Sheriff Bolanos in his official capacity are encompassed by their *Monell* claims against the County, *i.e.*, the Sixth Cause of Action (discussed *infra*), and must be dismissed. *See Carmona v. Bolanos*, 2019 WL 2247832, *4 (N.D. Cal. May 23, 2019) (dismissing claim against Bolanos because it is subsumed by § 1983 claims against County); *Maldonado v. City of Ripon*, 2018 WL 5304820, *6 (E.D. Cal. Oct. 24, 2018) (dismissing claims against police chief as duplicative of claims against city).

To the extent Gatliff seeks to allege a claim against Sheriff Bolanos in his individual capacity, the claim fails because she has not alleged facts establishing his own culpable action, or inaction, in the alleged injury. *See Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). Gatliff alleges that Sheriff Bolanos "failed to train his deputies, including Dominguez and Baba, in tactics to deal with mentally ill persons, de-escalation tactics, and the use of non-lethal force with such persons." Compl., § 51. Gatliff conclusorily

alleges that Sheriff Bolanos was "reckless" but do not allege any facts to support the assertion or that his alleged failure to train "caused Ms. Harmon's suffering and death." Compl., ¶ 53. None of these allegations state a claim against Sheriff Bolanos. *See Maldonado*, 2018 WL 5304820 at *6 (dismissing claims against police chief based on allegations of authority to supervise, failure to train and negligent hiring, retention).

Second, despite its "supervisor liability" title, as noted, this is actually a *Monell* "failure to train" claim, albeit a meritless one. The Supreme Court has stressed that "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 60 (2011).To meet this standard, "the need for more or different training [must be] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). To plead a proper failure to train claim under *Monell*, Gatliff must demonstrate either a "pattern of similar constitutional violations by untrained employees" or show that the municipality "has failed to train its employees to handle recurring situations presenting an obvious potential for" constitutional violations. *See Rabinovitz*, 287 F. Supp. 3d 933, 966 (C.D. Cal. 2018). Alleging that a some other shootings involve individuals with mental health issues, as Gatliff has, does not mean that any of those alleged shootings were constitutionally unjustified or resulted in any way from an alleged training failure. Simply alleging that Sheriff Bolanos' training is inadequate does not support a plausible claim.

Moreover, Gatliff has not pleaded any facts to indicate that the alleged failure to train caused the alleged constitutional deprivation at issue. *See Rivera v. Carter*, 2018 WL 1621095 (E.D. Cal. Apr. 4, 2018) (dismissing *Monell* failure to train claim because the complaint "does not explain what the County's training consisted of, whether there were prior similar acts or any other indications that there was a need for more or different training, or whether the alleged inadequacy was likely to result in constitutional violations.") Indeed, Gatliff fails to allege facts that would provide a causal connection between Sheriff Bolanos' alleged actions and the alleged excessive force. *See Solis v. City of Sunnyvale*, 2020 WL 7353698, *4-5 (N.D. Cal. Dec. 14, 2020) (dismissing claim for supervisor liability that lacked specific policy or event that led to the constitutional violations). In any event, Gatliff lacks standing to sue on behalf of Harmon and fails to state a claim on her own behalf either. This claim must be dismissed.

//

1

## I.   <u>The Sixth Cause of Action for "Unconstitutional Customs and Practices" Fails</u>

2

3          Gatliff seeks to allege a *Monell* claim against the County and City for alleged "unconstitutional

4    customs and practices," but fail to plead facts supporting such a claim. Under *Monell*, the County and the

5    City may not be held liable for alleged violations under § 1983 solely because they employ an alleged

6    tortfeasor under a theory of respondent superior. *See Monell*, 436 U.S. at 691; *Bd. of Cty. Comm'rs of*

7    *Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 405 (1997) ("Where a plaintiff claims that the municipality has

8    not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of

9    culpability and causation must be applied to ensure that the municipality is not held liable solely for the

10   actions of its employee.") Rather, Gatliff must identify a specific official policy that was "the moving

11   force" behind the alleged constitutional deprivation. *See Monell*, 436 U.S. at 690-91; *see Doughterty v.*

12   *City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Gatliff does not identify any such official policy here.

13          In the absence of an official policy, Gatliff may rely upon an alleged unofficial "persistent and

14   widespread" custom or practice but have failed to do that either. *See Trevino v. Gates*, 99 F.3d 911, 918

15   (9th Cir. 1996). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it

16   must be founded upon practices of sufficient duration, frequency and consistency that the conduct has

17   become a traditional method of carrying out policy." *Id.* Thus, "[a] single constitutional deprivation

18   ordinarily is insufficient to establish a longstanding practice or custom." *Christie v. Iopa*, 176 F.3d 1231,

19   1235 (9th Cir. 1999); *see also Meehan v. Los Angeles County*, 856 F.2d 102, 107 (9th Cir. 1988) (holding

20   two incidents insufficient to establish custom under § 1983). Thus, *Monell* claims must "comply with the

21   basic principles set forth in *Twombly* and *Iqbal"* such that a complaint "may not simply recite the elements

22   of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to

23   enable the opposing party to defend itself effectively;" *Inman v. Anderson*, 294 F.Supp.3d 907, 920 (N.D.

24   Cal. 2018) (citing *A.E. ex rel Hernandez v. City of Tulare*, 666 F.3d. 631, 936 (9th Cir. 2012); *Jones v.*

25   *Cnty. of Contra Costa*, 2016 WL 1569974, *2 (N.D. Cal. Apr. 19, 2016) ("*Monell* claim must consist of

26   more than mere 'formulaic recitations of the existence of unlawful policies, conducts or habits.'")

27          Here, Gatliff's allegations are asserted without any pretense of factual support, but rather as

28   conclusory accusations that are specific to the incident with Harmon, and therefore cannot support a custom

and practice claim. For example, Gatliff alleges that the County and City had a "custom and practice of . .

. encouraging, accommodating or ratifying Dominguez's use of excessive, unreasonable and deadly force against mentally ill persons" but fail to identify even a single prior incident in which this occurred with Dominguez. *See* Compl., ¶ 56(a) and (c) (alleging, with no facts a custom and practice of "employing and retaining deputies such as Dominguez and Baba" who were "violent and abused their authority"). These conclusory allegations are not specific and relate only to the alleged incident, which is insufficient to state a claim for an unconstitutional custom and practice. *See Cook v. City of Fremont*, 2021 WL 764044, *7 (N.D. Cal. Feb. 26, 2021) ("Although Cook alleges facts regarding his own experiences, he fails to identify a specific custom or practice beyond vague and conclusory allegations.") To the extent Gatliff intends to allege broader customs and practices, she alleges zero facts to support it.

Further, while a municipality may be liable for failure to properly screen employees where review of an applicant's background would indicate that it is "plainly obvious" that the person would commit constitutional violations, Gatliff has alleged no such facts here. *See Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 411 (1997). A *Monell* claim must allege a degree of culpability of at least deliberate indifference toward specific constitutional violations on the part of the municipal officers responsible for the policy, ordinance, custom or absence of policy, in the case of a failure to train or screen claim. *See id.* Gatliff has not alleged any facts that could plausibly show that occurred here.

Gatliff's remaining allegations are conclusory, unspecific accusations, none of which state a claim for a constitutional violation. Gatliff vaguely allege "customs and practices" of "encouraging, accommodating, or facilitating" an alleged "code of silence" to generate false reports, spoliate evidence and cover up unreasonable force. Compl., ¶ 56(b). But the Complaint does not supply any factual allegations to support these conclusions, nor does it identify any specific policies, customs, and practices. *See Cupp v. Smith,* 2021 WL 616376, *4 (N.D. Cal. Feb. 17, 2021) (dismissing similar alleged customs and practices as conclusions lacking factual support); *Cangress v. City of Los Angeles*, 2014 WL 12567175, *1 (C.D. Cal. Oct. 22, 2014) (dismissing *Monell* claim with only vague references to "First Amendment policies" that did not identify specific custom or policy); *Hyun Ju Park v. City and Cnty. of Honolulu*, 952 F.3d 1136, 1142 (9th Cir. 2020) (affirming dismissal of unsupported claims of "brotherhood culture of silence"). Similarly, Gatliff's allegations that the County has "grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling reckless and intentional misconduct"

and "NEVER disciplining deputies for excessive force," are more unsupported, unspecific accusations, which do not state a claim. *Id.*, ¶ 56(e) and (f). And, as discussed *supra*, Gatliff's failure to train allegations are insufficient. *See Cook*, 2021 WL 764044, *6 (dismissal where claim had "not alleged specific facts as to the nature of the deficient training or how the allegedly unconstitutional conduct of the other defendants resulted from the training.") Gatliff's allegations cannot establish that the County or City maintained unconstitutional customs and practices, let alone that they caused the alleged deprivation in this case.

### J. The Seventh Cause of Action for "Wrongful Death/Negligence Per Se" Fails

Gatliff may have standing to assert a wrongful death claim under California Code of Civil Procedure § 377.60, but Harmon does not. The claim should be dismissed if asserted on behalf of Harmon. Irrespective of standing, there is no cause of action for "negligence per se" in California. "'Negligence per se' is a statutory evidentiary doctrine by which a presumption of negligence may be created if certain elements are met, including if a statute, ordinance, or regulation is violated. *See Waldo v. Eli Lilly*, 2013 WL 5554623, *8 (E.D. Cal. Oct. 8, 2013) (holding that plaintiff "may not plead negligence per se as an independent cause of action" and dismissing claim with prejudice) (citations omitted.) Gatliff's claim should be dismissed at least to the extent it purports to assert a cause of action for negligence per se.

### K. The Eighth Cause of Action Against the County and City for Negligent Training, Supervision and Retention Does not State a Claim

As discussed *supra*, Gatliff lacks standing to assert survivor claims on behalf of Harmon, and therefore the negligent training, supervision and retention claim must be dismissed to the extent it is asserted on Harmon's behalf. To the extent Gatliff seeks to assert this claim against the County and City on her own behalf, it still fails to state a cause of action. Public entities do not have direct liability for common law negligence in California; instead, any such liability must be based on statute. *See* Cal. Gov. Code §815(a) ("A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."); *Miklosy v. Regents of Univ. of Cal.*, 44 Cal.4th 876, 899 (2008) ("section 815 abolishes common law tort liability for public entities").

Further, Gatliff has not identified a statute that would provide a basis for the County and City's direct liability for negligent supervision, training or retention, and none applies here. *See Ottolini v. City of Rohnert Park*, 2019 WL 3254231, *9 (N.D. Cal. July 19, 2019) ("California courts of appeal have held

that no statutory basis exists for a claim of direct liability based on a public entity's negligent hiring, policymaking, and supervision") (internal citations omitted); *Bauer v. City of Pleasanton,* 2020 WL 1478328, *7 (N.D. Cal. Mar. 26, 2020) (dismissing claim against city for negligent hiring, retention, supervision or training in excessive force case); *Shoval v. Sobzak*, 2009 WL 2780155, *4 (S.D. Cal. August 31, 2009) ("California courts have repeatedly held that there is no statutory basis for direct claims against a public entity for negligent hiring and supervision practices"). Further, public entities cannot be held vicariously liable for negligent supervision, training or retention claims either. *See Herd v. Cnty. of San Bernardino*, 311 F. Supp. 3d 1157, 1171–72 (C.D. Cal. 2018).

In sum, California law does not provide any basis to hold the County or the City directly liable for alleged negligence in the selection, training, retention, supervision, and discipline of police officers. Even if such a claim was authorized in California, Gatliff's claims would fail for the same reasons as its similar deficient § 1983 theories -- because Gatliff has not pleaded any nonconclusory facts to support them.

### L.  The Complaint Contains No Facts to Establish the City's Liability

In addition to the other grounds for dismissal herein, Gatliff does allege any nonconclusory facts to establish the City's involvement in or independent liability for any claim. The City should be dismissed.

### M. Gatliff's Improper Damages Claims Must be Dismissed

The Complaint seeks damages that are unavailable as a matter of law. Specifically, aside from her lack of standing, Gatliff seeks to recover for Harmon "extreme and severe pain and suffering, both physical and mental" (*see* Compl., ¶ 35), but California Code of Civil Procedure § 377.34 expressly bars recovery of such damages in survivor actions. *See id.* ("Damages recoverable. . . do not include damages for pain, suffering, or disfigurement.") Gatliff also seeks punitive damages against the County and City even though such damages cannot be recovered against public entities. *See* Compl., ¶ 37; Cal. Gov't Code § 818 ("Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (no punitive damages against municipality in § 1983 case). The claims must be dismissed.

### IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion.

Dated:  May 17, 2021

Respectfully submitted,

JOHN C. BEIERS, COUNTY COUNSEL

By: _____
     Joseph F. Charles, Deputy
     Daniel McCloskey, Deputy
     Karen Rosenthal, Deputy

Attorneys for Defendants COUNTY OF SAN
MATEO, SAN MATEO COUNTY SHERIFF'S
OFFICE, SAN MATEO COUNTY DISTRICT
ATTORNEY'S OFFICE, DAVID DOMINGUEZ.
JOHN BABA, JAMES GOULART, CARLOS G.
BOLANOS, STEPHEN M. WAGSTAFFE AND
CITY OF HALF MOON BAY

Case No. 21-CV-01463-VC         16

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS PURSUANT TO
FED. R. CIV. P 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT