UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF SANDRA LEE HARMON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN MATEO, et al., <br><br> Defendants. | Case No. 21-cv-01463-VC <br><br> **ORDER GRANTING REQUEST FOR LEAVE TO AMEND; DENYING MOTION TO DISMISS AS MOOT** <br><br> Re: Dkt. No. 36 |

This case arises from the fatal police shooting of Sandra Lee Harmon in the city of Half Moon Bay. The officers involved in the shooting were San Mateo County deputy sheriffs who were working as Half Moon Bay police officers at the time of the shooting pursuant to a contract between the county and the city. Harmon's daughter, Sarah Gatliff, brought suit against local and county entities on behalf of herself individually and on behalf of Harmon's estate, alleging two state law claims and a range of federal claims under 42 U.S.C. § 1983. The defendants moved to dismiss the entire complaint on numerous grounds. In response, the plaintiffs acknowledged certain deficiencies in the complaint and requested leave to file an amended complaint to cure those deficiencies. The plaintiffs' request for leave to file an amended complaint is granted, and the motion to dismiss is denied as moot. While amending, the plaintiffs should review the complaint in its entirety and not just the specific portions they acknowledged as deficient—the complaint is messy, relatively sparse, and suffers from various legal issues. There are also several problems with the arguments made by both parties in their briefs.[1] Because of these

---

[1] The plaintiffs are also cautioned to abide by the page limits for briefs contained in Judge Chhabria's Standing Order. *See* Judge Chhabria's Standing Order for Civil Cases § 33.

deficiencies, this ruling briefly addresses some of the key issues raised by the complaint and in the briefs, and advises the plaintiffs to do a much better job of researching and supporting any claims they choose to include in the amended complaint.

The defendants first raise the issue of standing. As an initial matter, the complaint does not specify whether each claim is brought on behalf of the estate, Gatliff individually, or both. In addition, for Gatliff to bring claims on behalf of her mother's estate, she must comply with California Code of Civil Procedure § 377.32. Merely attaching the declaration required by that statute to the opposition brief likely does not constitute compliance. *See B.T.H. by Hinton v. County of Modoc*, 2020 WL 4804927, at *2 (E.D. Cal. Aug. 18, 2020). And in any event, the declaration that Gatliff submitted fails to include all the required documents, such as a copy of Harmon's death certificate. *See* Cal. C.C.P. § 377.32(c). The plaintiffs have also raised the fact that Harmon had a "long estranged husband" who may precede Gatliff as the successor in interest to Harmon's estate, thus preventing Gatliff from bringing claims on the estate's behalf. *See id.* § 377.30. If Gatliff wishes to continue to pursue claims on behalf of the estate, she must be sure to address these issues.

The defendants next challenge the complaint on the ground that Gatliff and the estate failed to comply with California's government claims procedure, which requires individuals suing public entities for damages to first present their claims to the entities themselves. *See* Cal. Govt. Code §§ 911.2, 945.4. The parties seem confused about how this statute applies to the claims in this case—section 911.2's presentment requirement applies *only* to state law claims and does not apply to the federal claims brought under section 1983. *See State of California v. Superior Court*, 32 Cal. 4th 1234, 1240 (2004). As to the state law claims, the plaintiffs must allege facts in the complaint "demonstrating or excusing compliance with the claim presentation requirement." *Id.* at 1243. And this requirement applies to each plaintiff separately, meaning that Gatliff cannot bring a claim on behalf of Harmon's estate that was presented to the public entity only on behalf of Gatliff individually, and vice versa. *See Nelson v. County of Los Angeles*, 113 Cal. App. 4th 783, 796-97 (2003). The plaintiffs should be sure to address these issues in the

amended complaint as well.

The defendants also raise specific challenges to each of the eight claims alleged in the complaint. The plaintiffs are likely correct that the city of Half Moon Bay can be liable for the actions of the San Mateo county sheriffs who were working as city police at the time of the shooting pursuant to a contract between the city and the county. The plaintiffs may also be correct that the section 1983 excessive force claim cannot be dismissed on qualified immunity grounds at this stage given the complaint's allegations that the police shot Harmon in the back while she was complying with officer orders and had her hands over her head. *See, e.g.*, *Tan Lam v. City of Los Banos*, 976 F.3d 986, 997-1003 (9th Cir. 2020). On the other hand, the defendants are likely correct that the section 1983 deprivation of family association claim is subject to the heightened purpose to harm standard. *See Hayes v. County of San Diego*, 736 F.3d 1223, 1230 (9th Cir. 2013). The defendants are also likely correct that there are insufficient factual allegations to support the section 1983 *Monell* claim against the city and county, and that there is no statutory basis to support the negligent training, supervision, and retention claim against those entities. *See Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1141-43 (9th Cir. 2020) (*Monell* claim); *Hayes v. Riley*, 2020 WL 5816581, at *1-2 (N.D. Cal. Sept. 30, 2020) (*Monell* claim); *Bauer v. City of Pleasanton*, 2020 WL 1478328, at *7-8 (N.D. Cal. Mar. 26, 2020) (negligence claim); *C.A. v. William S. Hart Union High School District*, 53 Cal. 4th 861, 868-878 (2012) (negligence claim). But because the plaintiffs are granted leave to amend the entire complaint, the Court need not conclusively resolve these issues now. The plaintiffs, however, should closely consider them while drafting the amended complaint.

Finally, some clarification is warranted with respect to the conspiracy claim and the supervisory liability claim. As to the conspiracy claim, the plaintiffs specifically bring this claim under section 1983, but the parties (plaintiffs included) discuss the claim as if it were brought under California state law. A section 1983 conspiracy claim, based on an alleged agreement to violate one's constitutional rights, is distinct from a civil conspiracy claim under California law, based on an alleged agreement to commit a tort. *Compare Crow v. County of San Diego*, 608

F.3d 406, 440 (9th Cir. 2010) (section 1983 conspiracy) *with Swipe & Bite, Inc. v. Chow*, 147 F. Supp. 3d 924, 935-36 (N.D. Cal. 2015) (California civil conspiracy). The plaintiffs should be clear which type of claim they are alleging here.

As to the "supervisor liability" claim against the county sheriff, it is unclear if the plaintiffs intend to bring this claim based on the sheriff's actions in his official or personal capacity. If the claim is brought against the sheriff in his official capacity, it is really a section 1983 *Monell* failure to train claim, which generally requires factual allegations showing a pattern of similar constitutional violations by untrained employees. *See Flores v. County of Los Angeles*, 758 F.3d 1154, 1158-1160 (9th Cir. 2014). If the claim is brought against the sheriff in his personal capacity, the plaintiffs must allege facts showing the sheriff's personal involvement in the constitutional deprivation or a specific causal connection between the sheriff's conduct and the violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Again, the plaintiffs should be clear about which type of claim they wish to pursue.

An amended complaint is due 21 days from the date of this order. The defendants must respond within 21 days of the filing of the amended complaint. The case management conference scheduled for July 21 is continued to October 20 at 2 p.m. A joint case management statement is due one week before the conference.

**IT IS SO ORDERED.**

Dated: July 12, 2021

_____
VINCE CHHABRIA
United States District Judge