UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF SANDRA LEE HARMON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN MATEO, et al., <br><br> Defendants. | Case No. 21-cv-01463-VC <br><br> **ORDER GRANTING MOTION TO DISMISS** <br> Re: Dkt. No. 55 |

In her first amended complaint, Sarah Gatliff brings four claims relating to the fatal police shooting of her mother, Sandra Harmon, in Half Moon Bay, California. She concedes that the complaint does not assert any causes of action against some of the defendants she named: Carlos Bolanos, Stephen Wagstaffe, James Goulart, the San Mateo County Sheriff's Office, and the San Mateo County District Attorney's Office. Those defendants are dismissed. The complaint also includes immaterial information relating to abandoned claims that is stricken under Federal Rule of Civil Procedure 12(f). *See* Dkt. No. 54, ¶¶ 5, 36, 37, 38.

The claims Gatliff brings as Harmon's successor in interest are dismissed for lack of standing. California law requires Gatliff to file an affidavit or declaration containing specific facts to bring an action on behalf of her mother's estate as her successor in interest. *See* Cal. Civ. Proc. § 377.32. Relevant here, Gatliff must state that she is Harmon's successor in interest or is authorized to act on behalf of Harmon's successor in interest with respect to the present action. *Id.* § 377.32(a)(5). But that statement must be accompanied by "facts in support," which Gatliff's declaration lacks. *Id.*; *see Crosby v. County of Alameda*, 2021 WL 764120, at *1 (N.D. Cal. Feb. 26, 2021). In fact, her declaration is dated two days *before* the purported assignment of

successor-in-interest rights from Harmon's husband so it could not possibly include facts about that assignment.

Gatliff also has not alleged sufficient facts in support of her standing to bring section 1983 claims based on the Fourteenth Amendment on her own behalf. A plaintiff's interest in bringing those claims is based on their relationship with the decedent. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1057–58 (9th Cir. 2018). A biological connection alone is not sufficient, nor are allegations of a close relationship or affection. *Id.* at 1058; *Terry v. City of Pasadena*, 2019 WL 4139257, at *5 (C.D. Cal. June 17, 2019). Instead, a plaintiff must allege "enduring relationships reflecting an assumption of parental responsibility" that "'stem[ ] from the emotional attachments that derive from the intimacy of daily association, and from the role it plays in promoting a way of life through the instruction of children.'" *Wheeler*, 894 F.3d at 1058 (quoting *Lehr v. Robertson*, 463 U.S. 248, 256–61 (1983)). The amended complaint does not allege facts to support the conclusion that Gatliff had this sort of relationship with Harmon. It states that "Harmon was a loving mother to [Gatliff], and she was loved deeply in return" and as a result of Harmon's death Gatliff "suffered the irreparable loss of her love, affection, society, and moral support." Without diminishing the importance of this relationship to Gatliff, those allegations do not reflect that Harmon was involved in Gatliff's upbringing or even that she stayed in consistent contact with Gatliff throughout her life. *See id.*

That leaves a state claim for wrongful death/negligence per se. Even if the claim was properly pled, the Court would decline to exercise its supplemental jurisdiction over it once the federal causes of action are dismissed. *See* 28 U.S.C. § 1367(c)(3). But the claim is also not properly pled. There is no "negligence per se" cause of action under California law. *Waldo v. Eli Lilly & Co.*, 2013 WL 5554623, at *8 (E.D. Cal. Oct. 8, 2013). And if treated solely as a wrongful-death claim, at least one necessary party has not been joined. *See* Fed. R. Civ. P. 12(b)(7). California law treats wrongful death actions as joint and indivisible amongst the decedent's heirs. *Ruttenberg v. Ruttenberg*, 62 Cal. Rptr. 2d 78, 81 (Cal. Ct. App. 1997). So each known heir is a necessary party that must be joined in the action. *Id.* at 82; *see* Fed. R. Civ. P.

19(a)(1). Without all known heirs, complete relief is not possible, and the defendants risk being exposed to multiple or inconsistent obligations. *Pavoni v. Chrysler Group LLC*, 2012 WL 12883905, at *2 (C.D. Cal. Nov. 15, 2012); *Estate of Burkhart v. United States*, 2008 WL 4067429, at *7 (N.D. Cal. Aug. 26, 2008). Sometimes it is not feasible to join a necessary party and the action may proceed without them. Fed. R. Civ. P. 19(b). In this case, Harmon's husband is a known heir not joined in the action. It is possible that his joinder is not feasible and the litigation may proceed anyway because he did not administratively exhaust his claim. *See* Cal. Gov't Code §§ 911.2(a), 945.4; *Estate of Burkhart*, 2008 WL 4067429, at *7–8. But Gatliff has not made that argument.

An amended complaint is due 21 days from the date of this order. The defendants must respond within 21 days of the filing of the amended complaint.[1]

**IT IS SO ORDERED.**

Dated: October 26, 2021

_____
VINCE CHHABRIA
United States District Judge

---

[1] The defendants' request for judicial notice is denied as moot. The Court need not consider those documents to dispose of the motion.