UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF SANDRA LEE HARMON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN MATEO, et al., <br><br> Defendants. | Case No. 21-cv-01463-VC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND STAYING *MONELL* CLAIM** <br><br> Re: Dkt. No. 67 |

The defendants moved to dismiss two of the remaining four claims in this case. But rather than evaluate the *Monell* claim at the outset of this litigation, the Court denies the motion to dismiss that claim and stays the claim pending the adjudication of the individual constitutional claims. The defendants may file a renewed motion to dismiss the *Monell* claim at that time.

The motion to dismiss the Fourteenth Amendment loss of familial association claim is granted in part and denied in part. When Harmon exited the RV carrying a shotgun and discharged two rounds into the air, the deputies were forced to make snap judgments about how to handle the escalating situation, such that deliberation was not practical under the circumstances. *See Hayes v. County of San Diego*, 736 F.3d 1223, 1230 (9th Cir. 2013). So to state a claim that their conduct shocked the conscience, the complaint must plausibly allege that they acted with a purpose to harm unrelated to a legitimate law enforcement objective. *Id.* Whatever choices Deputy Dominguez made before encountering Harmon that may have escalated the situation do not influence which standard applies. *See Porter v. Osborn*, 546 F.3d 1131, 1140 (9th Cir. 2008).

The statements in the complaint, which must be taken as true at this stage, plausibly

allege that Deputy Dominguez acted with a purpose to harm unrelated to a legitimate law enforcement objective by shooting Harmon in the back while she was holding the shotgun over her head. And as counsel for the plaintiffs clarified at the hearing, that shot is the one alleged to have been the primary cause of her death. On its face, that use of force is "so grossly and unreasonably excessive that it alone could evidence subjective purpose to harm." *Nehad v. Browder*, 929 F.3d 1125, 1140 (9th Cir. 2019).

Subsequent shots by Deputy Baba, however, were fired while Harmon was reaching for the shotgun. The complaint has not plausibly alleged that those shots were fired with a purpose to harm unrelated to officer and public safety. *See Zion v. County of Orange*, 874 F.3d 1072, 1077 (9th Cir. 2017). Thus, it does not plausibly state a claim that Baba's conduct towards Harmon shocked the conscience. This claim against him is dismissed without leave to amend. Of course, if different information about the incident is uncovered during discovery that would support a Fourteenth Amendment claim against Baba, the plaintiffs may seek leave to add such a claim at the appropriate time.

**IT IS SO ORDERED.**

Dated: January 19, 2022

_____
VINCE CHHABRIA
United States District Judge